983 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rebecca Ann PERKINS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellant.
 No. 92-1860.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1992.
 
 Before KENNEDY and BATCHELDER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Rebecca Ann Perkins, a pro se social security claimant, appeals a district court judgment affirming the Secretary's denial of her application for social security disability insurance benefits. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 Perkins filed an application for benefits on December 8, 1987, alleging a disability since May 1984 due to a back impairment and emotional problems. She was born on February 4, 1948 and is a high school graduate. She has past relevant work experience as a nursing home attendant and corrections officer in a prison. She last met the disability insured status requirements under the Social Security Act on December 31, 1990.
 
 
 3
 An administrative law judge (ALJ) found that Perkins retained the residual functional capacity to perform a significant number of jobs in the national economy and was not disabled as a result. The Appeals Council denied her request for review.
 
 
 4
 Perkins then filed a complaint seeking judicial review. The district court affirmed the Secretary's decision denying benefits and dismissed the case. Although Perkins was represented by counsel throughout the district court proceedings, she filed her appeal pro se.
 
 
 5
 On appeal, Perkins's pro se brief has been construed as alleging that the Secretary's decision is not supported by substantial evidence because: 1) the ALJ did not properly assess her residual functional capacity (RFC); 2) the vocational expert's (VE) testimony and conclusion regarding her ability to work is not based on all the evidence; 3) the ALJ did not consider her impairments in combination; and 4) the ALJ did not properly apply the medical/vocational guidelines (grids).
 
 
 6
 Upon review, we conclude that there is substantial evidence to support the Secretary's decision. See Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 7
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.